**Hayk ANTONYAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–76607.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2008.

Filed May 14, 2008.

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioner.

CAC—District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Marion E.M. Erickson, Esq., DOJ—U.S. Department of Justice Tax Division, Washington, DC, for Respondent.

Before: NOONAN, W. FLETCHER, and GOULD, Circuit Judges.

MEMORANDUM *

Hayk Antonyan, a native and citizen of Armenia, petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA").[1] We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Antonyan's petition for review.

The Immigration Judge ("IJ") denied Antonyan's asylum application, concluding that Antonyan was not credible.[2] Antonyan argues that the IJ's adverse credibility determination erroneously rested on the IJ's speculation and identification of inconsistencies that did not exist in the record. "An adverse credibility ruling will be upheld so long as identified inconsistencies go to the heart of the asylum claim." *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004) (internal quotation marks and alteration omitted). "[W]hether we have rejected some of the IJ's grounds for an adverse credibility finding is irrelevant. So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003).

We hold that the IJ did not err in concluding that Antonyan presented conflicting testimony and evidence regarding his stay in an Armenian hospital. This evidence goes to the heart of Antonyan's claim of persecution at the hands of Armenian military officials. If, as the documentary evidence showed, Antonyan was in the hospital because of a fall, rather than because of beatings by government officials, then his grounds for asylum are substantially undercut. We cannot say here that the evidence "compels the conclusion that the asylum decision was incorrect." *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We therefore affirm the IJ's adverse credibility determination,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

2. Because we affirm the IJ's adverse credibility determination, we do not reach Antonyan's challenge to the IJ's alternate ground for denying Antonyan's asylum application, namely that Antonyan had firmly resettled in Russia.

and conclude that substantial evidence supports the IJ's decision which was adopted by the BIA.

Antonyan also contends that the BIA erred by not specifically stating whether he was eligible for relief under the Convention Against Torture. We lack subject matter jurisdiction to address this claim because Antonyan did not present it to the BIA, and thereby did not exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**